# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-14-00669-CR

## Ex parte Justin River Carter

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2013-159, THE HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## O P I N I O N

Appellant Justin River Carter stands charged by indictment with terroristic threat. *See* Tex. Penal Code § 22.07(a)(4), (5). According to the record, the allegations set forth in the indictment are based on statements allegedly posted by appellant on the online social networking service Facebook. Appellant filed a pretrial application for writ of habeas corpus challenging the constitutionality of the subsections of the terroristic threat statute under which he is charged. After conducting an evidentiary hearing, the trial court denied relief.

Appellant raises two points of error on appeal, asserting that the trial court erred by not finding the statutory subsections under which he is charged facially unconstitutional and unconstitutional as applied to him. On original submission, we affirmed the trial court's order denying habeas relief. We analyzed and rejected appellant's facial challenge to the constitutionality of the statutory provisions at issue, *see Ex parte Carter*, No. 03-14-00669-CR, 2015 WL 5248525,

at *1–6 (Tex. App.—Austin Aug. 31, 2015) (mem. op., not designated for publication), and concluded that appellant's "as applied" challenge was not cognizable in a pretrial writ of habeas corpus, *see id.* at 6–7.

Appellant filed a petition for discretionary review arguing that his "as applied" challenge should fall within the category of exceptions to the general rule that claims asserting "as applied" constitutionality challenges are not cognizable in a pretrial habeas corpus writ. Because we issued our memorandum opinion before the Court of Criminal Appeals decided *Ex parte Perry*, 483 S.W.3d 884, 895–98 (Tex. Crim. App. 2016) (plurality op.), which examined the categories of "as applied" challenges that might be cognizable in a pretrial habeas corpus writ, the court granted review, vacated our judgment, and remanded the case for our court "to consider the Court's discussion in *Perry* and the effects of *Perry*, if any, on [our court's] reasoning and analysis in this case" concerning appellant's claim that the statutory provisions at issue are unconstitutional as applied to him. *See Ex parte Carter*, No. PD-1291-15, 2016 WL 3094331, at *1 (Tex. Crim. App. May 25, 2016) (not designated for publication). On remand, we again affirm the trial court's order denying habeas relief.

## DISCUSSION

As we noted in our previous opinion, the indictment in this case alleges, in relevant part, that appellant:

PARAGRAPH I

did then and there, with the intent to cause impairment or interruption of public communications, public transportation, public water, gas or public supply, or other

2

public service, threaten to commit any offense involving violence to any person or property, to wit: by threatening to "shoot up a kindergarten, watch the blood rain down and eat the beating heart out of one of them."

PARAGRAPH II

did then and there, with the intent to place the public or a substantial group of the public in fear of serious bodily injury, threaten to commit any offense involving violence to any person or property, to-wit: by threatening to "shoot up a kindergarten, watch the blood rain down and eat the beating heart out of one of them."

The record reflects that these allegations are based on statements appellant allegedly made on the online social networking service Facebook.[1] Appellant claims that, when considered in context, his comments in his Facebook post were "sarcastic, hyperbolic[,] and conditional" and do not constitute a "true threat." Thus, according to appellant, the trial court erred by not finding Penal Code sections 22.07(a)(4) and (a)(5), the subsections of the terroristic threat statute under which he is charged, unconstitutional as applied to him and, therefore, erred in denying his application for writ of habeas corpus.

A claim that a statute is unconstitutional "as applied" is a claim that the statute, although generally constitutional, operates unconstitutionally as to the claimant because of his

---

[1] As we noted in our previous opinion, the record contains a screenshot purportedly from appellant's Facebook page, which reflects a series of three statements attributed to appellant:

I'm f****d in the head alright. I think I'ma SHOOT UP A KINDERGARTEN

AND WATCH THE BLOOD OF THE INNOCENT RAIN DOWN

. . .

AND EAT THE BEATING HEART OF ONE OF THEM

3

particular facts and circumstances. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011); *Gillenwaters v. State*, 205 S.W.3d 534, 537 n.3 (Tex. Crim. App. 2006). Consequently, an "as applied" constitutional challenge typically may not be resolved pretrial because it depends on development of the specific facts of the case showing how the statute is being applied to the defendant. *See Lykos*, 330 S.W.3d at 910 ("An 'as applied' challenge is brought during or after a trial on the merits, for it is only then that the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statute or law has been applied in an unconstitutional manner."). Recently, the Court of Criminal Appeals clarified that while "as applied" challenges are generally not cognizable on pretrial habeas, certain carefully limited exceptions exist. *See Perry*, 483 S.W.3d at 895–98. The court reaffirmed that certain types of claims may be raised by pretrial habeas because the rights underlying those claims would be effectively undermined if not vindicated before trial. *Id.* at 895 (citing *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *see, e.g.*, *Weise*, 55 S.W.3d at 619 ("[A]n applicant may use pretrial writs to assert his or her constitutional protections with respect to double jeopardy."); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982) (concluding that Fifth Amendment right not to be exposed to double jeopardy must be reviewable before that exposure occurs).

On original submission, we overruled appellant's claim that the terroristic threat statute was unconstitutional as applied to him on procedural grounds. We did not, at that time, analyze the substance of appellant's claim. In doing so now (in order to determine if appellant's claim falls within the category of limited exceptions discussed in *Perry*), it has become evident that appellant's claim does not actually raise an "as applied" challenge to the constitutionality of the

4

statutory provisions under which he is charged.  Appellant argues that his statements could not be construed as a threat because the evidence fails to demonstrate that he made the statements with the requisite criminal intent.[2]  He asserts that "[t]here is no rational interpretation of the statement[s] that would fit [them] under the legitimate sweep of the Terroristic Threat statute."[3]  This is an

[2] In his application for writ of habeas corpus, appellant articulated his argument as follows:

The statement that [appellant] is alleged to have posted on Facebook was merely hyperbole, and does not constitute a "true threat[."]  The plain language of the comment was not a threat, conditional or otherwise, but rather an exaggerated statement, clearly not intended to be taken literally.  Since [appellant]'s statements do not constitute a "true threat" they are protected by the First Amendment and Article 1 Section 8.  The continued prosecution of this case violates this constitutional protection.

[3] Throughout his argument, appellant repeats his contention that his comments were not a "true threat":

[T]he context is clear that [appellant]'s post was sarcastic not a true threat.

. . .

[Appellant] asserts [that] he did not issue a true threat.  His statement was at most careless talk.

. . .

[Appellant]'s statements were not true threats, as defined by the Supreme Court of the United States.

. . .

The surrounding events indicate that [appellant] made a sarcastic remark in response to a statement accusing him of being mentally defective.  A reasonable person would not interpret [appellant]'s statements to be a serious expression [of a true threat] as stated.

. . .

5

argument that the terroristic threat statutory provisions do not apply to his conduct; it is not an argument that the provisions are unconstitutional when applied to his conduct. Appellant's claim advances an evidentiary sufficiency challenge under the guise of an "as applied" constitutional challenge.

That appellant's argument is a veiled sufficiency challenge is most evident in his contention that the statements themselves demonstrate that he lacked the requisite criminal intent:

> Among the many grounds for reversing the indictment, of particular significance is the intent requirement the prosecution failed to develop. When [appellant]'s [statements] are read objectively or subjectively, the general intent to place either a public service, a group, or the public in fear of imminent harm is lacking.

Appellant repeatedly asserts that the evidence presented at the writ hearing does not, and cannot, establish the statutory element of intent:

> The context of his statement and approach precludes any intention to elicit fear in a person or group, let alone a specific one.
>
> . . .
>
> To prosecute the statute, the accused must desire to bring actual fear or elicit a reaction of fear to a person or the public. The actual apprehension of being afraid is irrelevant, only the offender's desire to create fear of injury. (Citation omitted).

---

> Moreover, it cannot be ignored that the alleged threatening statement is initially qualified by the words. "I think I[']ma. . ." which indicates that the speaker is only contemplating such an act even if the statement is to be taken seriously. There is no law in [this] county that criminalizes thinking of a crime and no reasonable person could consider a thought a true threat.

6

At no time did [appellant] specify as a target a person, a group, or the public of any particular community. . . . [Appellant] cannot have [the] intent to carry out a terroristic threat as described in Tex. Penal Code § 22.07(a)(4) or (a)(5) as there was no communication to anyone even remotely affiliated with any school much less a kindergarten in his region. (Citation to reporter's record omitted).

. . .

[Appellant] had the purposeful intent to be inflammatory; to utilize his First Amendment rights in a heated conversation. . . . [Appellant] utilized his free speech right to inflict a sarcastic remark. He did not purposefully or knowingly intend to create a threat of imminent bodily harm to any person or property.

. . .

[I]f [appellant]'s statements are construed out of context as a threat, the statement[s] [do] not meet the elements to constitute a threat outside Constitutional protection.[4]

. . .

There is no realistic way that a jury could find [that appellant] held the subjective intent to threaten anyone.

The crux of appellant's argument is that he did not threaten to commit an act of unlawful violence because he was making sarcastic hyperbolic comments, and thus he lacked the requisite intent under the statute. This argument asserts that the statute does not apply to his conduct (because the evidence does not demonstrate the requisite statutory element of intent) and raises an evidentiary sufficiency

---

[4] Presumably by "a threat outside Constitutional protection" appellant is referring to a "true threat," which is a threat to commit a crime involving violence to persons or property. On original submission, we determined that the terroristic threat statute is limited to such threats of violence and thus its provisions fall outside the protections of the First Amendment. *Ex parte Carter*, No. 03-14-00669-CR, 2015 WL 5248525, at *3 (Tex. App.—Austin Aug. 31, 2015) (mem. op., not designated for publication). Thus, appellant's assertion that his statements do not constitute a threat "outside Constitutional protection" reasserts his argument that his statements are not "true threats" and do not fall within the purview of the terroristic threat statute.

7

challenge. An "as applied" constitutional challenge would argue that making the statements at issue did violate the statute—that is, his posted comments were threats to commit unlawful acts of violence with the intent to cause impairment to public services or to place others in fear of serious bodily injury (or "true threats")—but he was constitutionally entitled to make these threats. Appellant makes no such argument. He does not argue that the term "threatens" as used in the statute is unconstitutionally vague as it relates to his conduct of posting comments on an online forum. Nor does he argue that the particular circumstances under which he made his comments somehow exempt the statements from the legitimate prohibition against uttering "true threats," which are not protected under the First Amendment. Appellant fails to explain how the statutory provisions operate against him in an unconstitutional manner. He simply argues that his comments were not "true threats" and thus his conduct does not violate the statute as alleged.

Judge Cochran recognized a similar attempt to raise a sufficiency review in a challenge to the constitutionality of the harassment statute in her concurrence in *Karenev v. State*:

> Was this then an "as applied" attack upon the constitutionality of the harassment statute? No. Appellant does not contend that the statutory word "repeated" is inherently vague in reference to appellant's conduct, he merely asserts that he had a legitimate reason for sending the emails that he sent on five different occasions. It is an underground attack upon the sufficiency of the evidence in this particular case to prove that appellant sent "repeated" harassing emails. Appellant's defenses were that (1) he did send the emails, but he had a legitimate reason for doing so; and (2) these emails were not of the sort to cause alarm, embarrassment, etc., to his estranged wife. His was a good jury argument, but the jury disagreed with his factual position, as it was entitled to do. Appellant may put on new clothing and call a sufficiency sheep a constitutional wolf, but that does not make it so.
>
> I think that the court of appeals was mistaken in transforming appellant's subterranean sufficiency of evidence argument into a full-fledged First Amendment attack upon the facial constitutionality of the harassment statute.

8

*Karenev v. State*, 281 S.W.3d 428, 441 (Tex. Crim. App. 2009) (Cochran, J., concurring). Like the appellant in *Karenev*, appellant here maintains that he had a legitimate reason for making the alleged Facebook comments—"[Appellant] wrote a sarcastic statement; a hyperbolic response to the insult he ostensibly received" in an online forum—and thus the statements he made were not "true threats." His argument that his statements "are constitutionally protected" is premised upon his contention that the statements do not fall within the conduct proscribed by the statute. This does not challenge the constitutionality of the statute as applied to his conduct; it challenges the application of the statute to his conduct. Maintaining that the statute cannot be applied to his conduct because the evidence does not establish the requisite statutory element of intent is, in reality, an assertion that the evidence is insufficient. Thus, appellant's second point of error does not raise an "as applied" constitutional challenge.

In the alternative, to the extent that appellant's claim might possibly be construed as an "as applied" challenge to the terroristic threat statutory provisions under which is charged, we conclude that his claim does not fall within the category of limited exceptions discussed in *Perry*.

Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Perry*, 483 S.W.3d at 895; *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd). "This remedy is reserved 'for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review.'" *Perry*, 483 S.W.3d at 895 (quoting *Weise*, 55 S.W.3d at 620); *Paxton*, 493 S.W.3d at 297. When determining whether an issue is cognizable by pretrial habeas, we consider a variety of factors, including whether the rights underlying the claims would be effectively undermined if not vindicated

before trial and whether the alleged defect would bring into question the trial court's power to proceed. *Paxton*, 493 S.W.3d at 297 (citing *Perry*, 483 S.W.3d at 895–96; *Weise*, 55 S.W.3d at 619).

The Court of Criminal Appeals recently clarified in *Perry* that "certain types of as-applied claims may be raised by pretrial habeas because the particular constitutional right at issue in the as-applied challenge is the type that would be effectively undermined if not vindicated prior to trial." *Perry*, 483 S.W.3d at 896. In *Perry*, the court concluded that cases involving criminal charges arising from an elected official's performance of his duties and implicating the separation of powers qualify as such a claim because they involve such a right. *See id.* at 898 ("If a statute violates separation of powers by unconstitutionally infringing on a public official's own power, then the mere prosecution of the public official is an undue infringement on his power. And given the disruptive effects of a criminal prosecution, pretrial resolution of this type of separation of powers claim is necessary to ensure that public officials can effectively perform their duties."). The court indicated that these "effectively undermined if not vindicated prior to trial" rights inherently involve a right to avoid trial. *See id.* at 899 ("As we have explained, a separation of powers claim that alleges infringement of the governor's power involves a constitutional right that includes a right to avoid trial by litigating the issue before trial."). Appellant cites to no authority, and we have found none, indicating that the constitutional right to free speech includes the right to avoid trial. While the right to free speech is a valuable and important right, we cannot discern how it is a right that is undermined if not vindicated before trial as there is adequate recourse after trial (via appeal) to remedy the violation of the right. In contrast to the separation of powers claim advanced in *Perry*, appellant fails to show that the "disruptive effects" of undergoing a criminal prosecution here

10

interfere with appellant's exercise of his right to free speech such that pretrial intervention is warranted to safeguard the right and his ability to further exercise it.[5] Unlike *Perry*, the nature of the constitutional right at issue in this case does not entitle appellant to raise this claim by pretrial habeas corpus. *See Perry*, 483 S.W.3d at 895–98.

In analyzing his claim under *Perry*, appellant asserts that the issue of "judicial efficiency" is sufficient to warrant pretrial consideration in his case because "[t]he statement's content is undisputed" and "[t]here is no dispute over the statement made." He maintains that the record "from the extensive [writ] hearing" allows a determination that his statements "were merely hyperbole and not a true threat," i.e., that his conduct does not fall within the terroristic threat statute, and urges this Court to make that determination. However, to support his contention that his statements were not "true threats" but were instead sarcastic comments, appellant relies on the context in which the statements were made. He observes that "sarcasm in conversation relies on context to indicate a meaning other than the plain meaning" of the words alone and that "[t]he usage

---

[5] As "disruptive effects" interfering with using his right to free speech, appellant cites to the purported gagging effect of pretrial incarceration and his bond condition that prevents him from accessing the internet. However, the "disruptive effects" of pretrial incarceration and bond conditions are restrictions that are inherent in the criminal justice system, imposed on all defendants not only appellant "for saying something that fits within First Amendment protection." Moreover, these restrictions merely impact the manner in which appellant's free speech right might be exercised under the current circumstances. Contrary to appellant's contention, these restrictions, while inconvenient, do not interfere with the exercise of his right to free speech to the extent that "the State has effectively shut [appellant] up." Nor do they operate in a manner similar to how the "disruptive effects" resulting from a criminal prosecution that violated the separation of powers unconstitutionally infringed on Governor Perry's power to effectively perform his duties as a public servant. *See Ex parte Perry*, 483 S.W.3d 884, 898 (Tex. Crim. App. 2016).

of sarcasm is identified by context." While insisting that "sarcasm can be construed perfectly in words alone," he acknowledges that "this approach requires the entire statement be considered in context." In this case, that context has yet to be fully developed by the presentation of evidence.[6]

Even as appellant asserts that the hearing on the writ was sufficient to establish the content of the statements made, he concedes that the State might have other evidence to offer in proving its case. Though he disparages the quality of that evidence, assessing the value of such evidence falls within the purview of the fact finder at trial, not this Court on an interlocutory appeal. *Cf. Karenev*, 281 S.W.3d at 441. Appellant seeks a pretrial determination about what the evidence establishes prior to such evidence being properly presented. While the content of the statements themselves may be undisputed, the intent accompanying those statements is in dispute. The State believes, as indicated by the allegations in the indictment, that appellant harbored the intent to communicate a threat to commit unlawful acts of violence against persons or property when he posted his comments on Facebook. Appellant denies such an intent and claims that his statements

---

[6] While appellant relies on evidence adduced at the writ hearing, we observe that the Court of Criminal Appeals has concluded that the trial court does not have authority to conduct a pretrial evidentiary hearing with regard to a defendant's "as applied" constitutional challenge to a statute:

> Because there is no basis under Texas law to conduct a pretrial evidentiary hearing to determine the "as applied" constitutionality of a state penal or criminal procedural statute, we conclude that the trial judge does not have legal authority to conduct any such pretrial evidentiary hearing and make any such pretrial declaratory judgment. He is acting beyond the scope of his lawful authority.

*State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 919 (Tex. Crim. App. 2011). Nothing in the record in this case suggests that the prosecutors produced the entirety of the State's evidence at the writ hearing in order to prove appellant's guilt beyond a reasonable doubt. Appellant cites to no authority, nor are we aware of any, that required them to do so.

were sarcastic hyperbole and not "true threats." This is a factual determination to be made by the fact finder at the appropriate time, which is not an appellate court before trial. Accordingly, we cannot conclude that the interests of "judicial efficiency" warrant pretrial consideration of appellant's claim.

**CONCLUSION**

We conclude that appellant's claim regarding the constitutionality of the terroristic threat statute as applied to him does not in fact assert an "as applied" constitutional challenge to the statutory provisions under which he is charged. Instead, by contesting the application of the statute to his conduct (based on the lack of evidence demonstrating the statutory element of intent), appellant raises a challenge to the sufficiency of the evidence. An evidentiary sufficiency challenge may not be raised in a pretrial habeas corpus writ.

Moreover, given the limits of pretrial habeas review, as detailed recently by the Court of Criminal Appeals, we conclude that appellant's claim—if it is construed as raising an "as applied" constitutional challenge—is not cognizable in a pretrial habeas corpus writ because resolving the claim would require resolving disputed factual controversies (appellant's intent when he made the statements) and would require determining whether the statute applies to appellant's particular circumstances (by ascertaining whether appellant's comments in his Facebook post constitute a "true threat" and therefore fall outside the statute) notwithstanding the existence of an adequate remedy by appeal after trial (an evidentiary sufficiency challenge regarding the element of intent). *See*

13

*Paxton*, 493 S.W.3d at 303; *see also Weise*, 55 S.W.3d at 619 ("Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal.").

For these reasons, we overrule appellant's second point of error and affirm the trial court's order denying habeas relief.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed on Remand

Filed:   January 6, 2017

Publish