Carlton Charles PENRIGHT, Appellant

v.

The STATE of Texas

NO. PD-1671-15

Court of Criminal Appeals of Texas.

Delivered: September 20, 2017

Jani Maselli Wood, Assistant Public Defender, Harris County, Houston, for Appellant.

Jessica Akins, Assistant District Attorney, Houston, Stacey Soule, State's Attorney, Austin, for the State.

Keller, P.J., delivered the opinion of the Court in which Keasler, Hervey, Alcala, Richardson, Keel, and Walker, JJ. joined.

The court of appeals rejected a constitutional challenge to the consolidated fee statute, Texas Local Government Code § 133.102.[1] In his petition for discretionary review, appellant complains that the court of appeals's decision "failed to explain how the comprehensive rehabilitation fee is a legitimate criminal justice purpose." In *Salinas v. State*, we held that the portions of the consolidated fee statute that were allocated to "comprehensive rehabilitation" and "abused children's counseling" were unconstitutional in violation of the Separation of Powers provision of the Texas Constitution.[2] We further held that our Separation of Powers holding would apply retroactively only to a "defendant who has raised the appropriate claim in a petition for discretionary review before the date of this opinion, if that petition is still pending on the date of this opinion and if the claim would otherwise

---

1. *Penright v. State*, 477 S.W.3d 494, 495-500 (Tex. App.—Houston [1st Dist.] 2015).

2. 523 S.W.3d 103, 106-11 (Tex. Crim. App. 2017).

be properly before us on discretionary review." [3]

Appellant's challenge to the "comprehensive rehabilitation" portion of the consolidated fee was raised before *Salinas* was handed down, was pending on discretionary review at the time *Salinas* was handed down, and was otherwise properly before us on discretionary review.[4] The portion of the fee allocated to "comprehensive rehabilitation" was 9.8218 percent.[5] That percentage of the fee in appellant's case is $13.06. Subtracting that amount from the $133 fee yields a fee of $119.94. Consequently, we modify the trial court's judgment to change the $133 consolidated fee to $119.94.

Yeary, J., filed a dissenting opinion.

Newell, J., concurred.

Yeary, J., filed a dissenting opinion.

I dissent for the reasons articulated in my dissenting opinion in *Salinas v. State*, 523 S.W.3d 103 (Tex. Crim. App. 2017).

---

**3.** *Id.* at 113. We held that our Separation of Powers holding would otherwise "apply prospectively to trials that end after the date the mandate in [*Salinas*] issues." *Id.* We further explained, however, that our Separation of Powers holding would not apply prospectively if the legislature redirected the funds in question to a legitimate criminal justice purpose before mandate in *Salinas* issued. *Id.* at 113 n.54.

**4.** Appellant's petition for discretionary review did not challenge the "abused children's counseling" portion of the consolidated fee.

**5.** *See id.* at 107 (quoting then existing TEX. LOCAL GOV'T CODE § 133.102(e)(6)).