# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00027-CR

**Shain Michael Pugh, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
## NO. 76930, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Shain Michael Pugh was placed on deferred-adjudication community supervision after he pled guilty to unauthorized use of a motor vehicle. *See* Tex. Penal Code § 31.07; Tex. Code Crim. Proc. art. 42A.101. Four months later, the trial court granted the State's motion to adjudicate after finding that appellant had violated the conditions of supervision. *See* Tex. Crim. Proc. Code art. 42A.108. The court adjudicated appellant guilty, revoked his community supervision, and assessed his punishment at 12 months in a state jail facility. *See id.* arts. 42A.108, 42A.110; Tex. Penal Code § 12.35. In two points of error, appellant challenges the amount of court costs assessed. We affirm the trial court's judgment adjudicating guilt.

## BACKGROUND

The State charged appellant by indictment with unauthorized use of a motor vehicle in violation of section 31.07 of the Texas Penal Code. Pursuant to a plea-bargain agreement,

appellant pled guilty to the offense. The trial court found the evidence sufficient to support a finding of guilt but withheld the finding, deferred adjudication of guilt, and placed appellant on community supervision for five years. At that time, the court ordered appellant to pay court costs as a term of his community supervision. The district clerk issued an Official Bill of Costs reflecting an itemization of the costs imposed by the trial court.

Less than a month later, the State alleged that appellant violated the terms of his community supervision and filed a motion to adjudicate guilt. After conducting a hearing on the motion to adjudicate,[1] the trial court adjudicated appellant guilty, revoked his community supervision, sentenced him to 12 months in a state jail facility, and imposed a $500 fine. In the written judgment adjudicating appellant's guilt, the trial court again ordered appellant to pay court costs. The district clerk again issued an Official Bill of Costs. The itemized bill of costs included the following fees imposed as "basic court costs":

| Fee Name | Date Added | Amount |
|---|---|---|
| District Clerk | 12/21/17 | 40.00 |
| District Clerk | 8/4/17 | 40.00 |
| Sheriff | 12/21/17 | 25.00 |
| Sheriff | 8/4/17 | 25.00 |
| Capias Warrant Fee | 5/1/17 | 50.00 |
| Capias Warrant Fee | 5/1/17 | 50.00 |
| Capias Warrant Fee | 11/1/17 | 50.00 |
| Clerk Court Technology Fund | 12/21/17 | 4.00 |
| Clerk Court Technology Fund | 8/4/17 | 4.00 |

---

[1] The State's motion to adjudicate contained one allegation: that appellant never reported to his community supervision officer. At the adjudication hearing, appellant pled true to the allegation. The trial court accepted appellant's plea of true and found the evidence sufficient to find that appellant had violated his supervision conditions. Appellant then testified on his behalf, explaining why he felt he should be left on community supervision.

| | | |
|---|---|---|
| Courthouse Security | 8/4/17 | 5.00 |
| Courthouse Security | 12/21/17 | 5.00 |
| DistClk Record Preservtn SB526 | 12/21/17 | 2.50 |
| DistClk Record Preservtn SB526 | 8/4/17 | 2.50 |
| Records Management | 8/4/17 | 22.50 |
| Records Management | 12/21/17 | 22.50 |
| Jury Service Fund SB1704 | 12/21/17 | 4.00 |
| Jury Service Fund SB1704 | 8/4/17 | 4.00 |
| Judiciary Support HB11 | 8/4/17 | 6.00 |
| Judiciary Support HB11 | 12/21/17 | 6.00 |
| Consolidated Court | 12/21/17 | 133.00 |
| Consolidated Court | 8/4/17 | 133.00 |
| Time Payments | 9/5/17 | 25.00 |
| Basic Criminal Legal Services | 8/4/17 | 2.00 |
| Basic Criminal Legal Services | 12/21/17 | 2.00 |
| Administrative Transaction Fee | 8/4/17 | 2.00 |
| Administrative Transaction Fee | 12/21/17 | 2.00 |
| State Elect Filing Fee—Crimi | 12/21/17 | 5.00 |
| State Elect Filing Fee—Crimi | 8/4/17 | 5.00 |

The total amount of court costs ordered in the judgment adjudicating guilt, and reflected by the associated bill of costs, is $677.00, of which $351.00 was assessed when appellant was placed on deferred-adjudication community supervision.

## DISCUSSION

Court costs are pre-determined, legislatively mandated obligations resulting from a conviction. *Abney v. State*, No. 03-15-00421-CR, 2016 WL 3361177, at *1 (Tex. App.—Austin June 10, 2016, no pet.) (mem. op., not designated for publication); *Houston v. State*, 410 S.W.3d 475, 477–78 (Tex. App.—Fort Worth 2013, no pet.); *see Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). The Texas Code of Criminal Procedure requires that a convicted defendant pay court costs. *See* Tex. Code Crim. Proc. arts. 42.15, 42.16; *Johnson*,

423 S.W.3d at 389. The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson*, 423 S.W.3d at 390 (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). Only statutorily authorized court costs may be assessed against a defendant. *Id.* at 389; *see* Tex. Code Crim. Proc. art. 103.002. Court costs, as reflected in a certified bill of costs, need not be orally pronounced or incorporated by reference into the written judgment to be effective. *Johnson*, 423 S.W.3d at 389 (citing *Armstrong*, 340 S.W.3d at 766–67); *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Consequently, a defendant may raise a claim challenging the bases of the assessed court costs for the first time on appeal when, as in this case, those costs are not imposed in open court and the judgment does not contain an itemization of the costs. *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016); *Johnson*, 423 S.W.3d at 391. When a defendant challenges the imposition of court costs, we review the assessment of costs to determine if there is a basis for the costs, not to determine whether there is sufficient evidence to prove each cost. *Johnson*, 423 S.W.3d at 390.

Here, the record contains a certified bill of costs listing 28 costs assessed against appellant, *see supra* pp. 2–3. In his first point of error, appellant makes several challenges to the various costs assessed against him. He first argues that the costs that were assessed both when he received deferred-adjudication community supervision and upon his adjudication of guilt were improperly imposed as they should have been assessed only once. In addition, he asserts that two of the costs, the sheriff's fees, should not have been assessed because there is no basis for them. Further, concerning the consolidated court costs fees (assessed upon his placement on

4

deferred-adjudication community supervision and again upon his adjudication of guilt), he maintains that one of the fees should be deleted (as it is one of the fees that he claims was improperly assessed twice) and the other should be reduced because part of the statute authorizing the fee was found to be unconstitutional. Alternatively, in his second point of error, appellant challenges the constitutionality of article 103.003 of the Government Code as applied to him, asserting that it is impermissibly vague because, according to appellant, the district clerk had discretion under the statute to assess the complained-of fees twice.

**Assessment of Court Costs**

To the extent that appellant challenges the court costs that were imposed when his adjudication was deferred and he was placed on community supervision, he is procedurally barred from doing so. *See Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014) (failure to file timely appeal of assessment of costs in deferred-adjudication order forfeits "any appellate complaint" regarding those costs); *see, e.g.*, *Rogers v. State*, No. 03-17-00109-CR, 2017 WL 3135951, at *2 (Tex. App.—Austin July 19, 2017, no pet.) (mem. op., not designated for publication); *Ireland v. State*, No. 03-14-00616-CR, 2015 WL 4914982, at *3–4 (Tex. App.—Austin Aug. 12, 2015, no pet.) (mem. op., not designated for publication). Thus, our review of costs in this case is limited to the costs imposed at the time of appellant's adjudication of guilt, and not those imposed at the time of deferred adjudication. *See Perez*, 424 S.W.3d at 86; *Simmons v. State*, No. 14-17-00286-CR, 2018 WL 3028064, at *2 (Tex. App.—Houston [14th Dist.] June 19, 2018, no pet.) (mem. op., not designated for publication).

With regard to the costs imposed upon adjudication of guilt, appellant does not challenge the capias warrant fees, the time payment fee, or the administrative transaction fees; he concedes that they were properly assessed. Appellant argues that the remainder of the fees should not have been assessed upon adjudication of his guilt because they were previously assessed when he was placed on deferred-adjudication community supervision. He contends that article 102.073 of the Code of Criminal Procedure precludes the trial court from assessing the following fees more than one time: the $40 district clerk fee authorized by article 102.005(a) of the Code of Criminal Procedure, the $4.00 clerk court technology fund fee authorized by article 102.0169(a) of the Code of Criminal Procedure, the $5.00 courthouse security fee authorized by article 102.017(a) of the Code of Criminal Procedure, the $25.00 fee for records management and record preservation authorized by article 102.005(f) of the Code of Criminal Procedure,[2] the $4.00 jury service fund fee authorized by article 102.0045(a) of the Code of Criminal Procedure, the $6.00 judiciary support fee authorized by article 133.105(a) of the Local Government Code, the $133.00 consolidated court cost fee authorized by section 133.102(a)(1) of the Local Government Code,[3] the $2.00 basic criminal legal services fee authorized by section 133.107(a) of the Local Government Code, and the $5.00 state electronic filing fee authorized by section 51.851(d) of the Government Code. Appellant concedes that the listed fees are authorized by statute but argues that they may be assessed against him only one time under article 102.073(a) of the Code of Criminal Procedure, which provides, "In

[2] The bill of costs separates these fees as $2.50 for record preservation and $22.50 for records management.

[3] The Court of Criminal Appeals recently held facially unconstitutional portions of the consolidated fee statute. *See Salinas v. State*, 523 S.W.3d 103, 108–110 (Tex. Crim. App. 2017). We address appellant's challenge to this court cost separately.

6

a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." Tex. Code Crim. Proc. art. 102.073(a).

In prior opinions, this Court has addressed—and rejected—previous challenges to court costs contending that article 102.073(a) prohibits the assessment of costs at the time of deferred adjudication and again at the time of adjudication of guilt. We held in those cases that the fees were properly assessed at both points because article 102.073 does not prohibit trial courts from assessing costs at the conclusion of both proceedings. *See Diaz v. State*, No. 03-15-00539-CR, 2016 WL 1084398, at *7 n.5 (Tex. App.—Austin Mar. 17, 2016, no pet.) (mem. op., not designated for publication); *Weatherspoon v. State*, No. 03-15-00236-CR, 2016 WL 286384, at *2 (Tex. App.—Austin Jan. 22, 2016, no pet.) (mem. op., not designated for publication). We reasoned that:

> [C]osts assessed at the point of receiving deferred[-]adjudication community supervision and then again at the point of adjudication of guilt are distinguishable from costs assessed for each count or offense in one criminal action. A violation of community supervision requires a new and separate court proceeding from the original proceeding resulting in deferred[-]adjudication community supervision.

*Weatherspoon*, 2016 WL 286384, at *2; *see Diaz*, 2016 WL 1084398, at *7 n.5. We pointed out that the statutes authorizing the imposition of court costs upon conviction explain that a conviction occurs when adjudication of guilt is deferred or when a sentence is imposed. *Diaz*, 2016 WL 1084398, at *8; *Weatherspoon*, 2016 WL 286384, at *2; *see, e.g.*, Tex. Code Crim. Proc. arts. 102.005(b), 102.0169(b), 102.017(c), 102.020(c); Tex. Loc. Gov't Code § 133.101. In addition, given that costs are intended as a nonpunitive recoupment of expenditures in connection with the

7

trial of a case, we concluded that imposing costs for events occurring after adjudication was deferred "makes sense as a tool to recoup the costs of judicial resources" that were expended in the process of adjudicating a defendant guilty and revoking his community supervision. *Diaz*, 2016 WL 1084398, at *8. Thus, we have concluded—and conclude again today—that article 102.073(a) does not prohibit the assessment of costs for both the deferred-adjudication proceeding and the adjudication-of-guilt proceeding.

In this case, two plea proceedings occurred: the first when the trial court deferred adjudication of appellant's guilt and ordered community supervision after accepting appellant's guilty plea; the second when the trial court adjudicated appellant's guilt upon acceptance of his plea of true to the allegation in the motion to adjudicate. Because the trial court held two separate plea proceedings with respect to appellant's convictions, *see* Tex. Loc. Gov't Code § 133.101 (defining when "a person is considered to have been convicted" to include both if sentence is imposed as well as if person receives deferred adjudication), the court properly assessed costs at the conclusion of both proceedings. *See Simmons*, 2018 WL 3028064, at *3; *Diaz*, 2016 WL 1084398, at *8; *Weatherspoon*, 2016 WL 286384, at *2; *cf. Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995) (holding that in Penal Code Section 3.03 "[t]he Texas Legislature intended a 'single criminal action' to refer to a single trial or plea proceeding").

Concerning the assessment of the sheriff's fees, appellant argues that these fees were improperly assessed because they were not authorized by statute. Although appellant acknowledges that article 102.011 of the Code of Criminal Procedure authorizes the payment of various fees for the services of peace officers, *see* Tex. Code Crim. Proc. art. 102.011, he urges that nothing in that

8

provision authorized the imposition of the $25.00 fees in this case because no specific service listed in the statute calls for a $25.00 fee and, he asserts, a bill of costs may not charge for a service not expressly provided by law. We acknowledge that the bill of costs does not provide an itemized account of how the $25.00 amount was determined. However, appellant has not pointed to any authority requiring that type of itemization. *Cf. id.* art. 103.009 (requiring "[e]ach clerk of a court, county judge, justice of the peace, sheriff, constable, and marshal shall keep a fee record"); *Penright v. State*, 477 S.W.3d 494, 501 (Tex. App.—Houston [1st Dist.] 2015), *judgment affirmed as modified*, 537 S.W.3d 916 (Tex. Crim. App. 2017) (explaining that "Sheriff's fee record" need not be included in appellate record).

Further, as this Court has previously noted, although the statutory provision relating to fees for the services of peace officers does not specifically list a $25.00 fee, it does authorize the imposition of fees for services of peace officers ranging from $5.00 to $50.00 and also authorizes the imposition of more than one type of fee as well as the imposition of some of the fees for particular services more than once. *See Whary v. State*, No. 03-16-00737-CR, 2017 WL 2333266, at *3 (Tex. App.—Austin May 24, 2017, no pet.) (mem. op., not designated for publication); *Diaz*, 2016 WL 1084398, at *8; *Love v. State*, No. 03-15-00462-CR, 2016 WL 1183676, at *2 (Tex. App.—Austin Mar. 22, 2016, no pet.) (mem. op., not designated for publication); *see also* Tex. Code Crim. Proc. art. 102.011. Once again, in light of the fact that the provision authorizes various fees for services of peace officers and allows for the imposition of more than one fee and given that the fees at issue in this case generally fall within the range of permissible fees outlined in that

9

provision, we cannot conclude that the district court erred by imposing the sheriff's fees. *See Whary*, 2017 WL 2333266, at \*3; *Diaz*, 2016 WL 1084398, at \*8; *Love*, 2016 WL 1183676, at \*2.

In addition, for the reasons previously stated, *see* discussion *supra* pp. 7–8, we further conclude that the trial court did not err when it imposed the sheriff's fees for both the adjudication-of-guilt proceeding and the deferred-adjudication proceeding. *See Diaz*, 2016 WL 1084398, at \*8; *cf.* Tex. Code Crim. Proc. art. 102.011(j) (stating that in statute governing fees for services of peace officers, "conviction" has meaning assigned by Local Government Code provision, which includes deferred adjudication).

Appellant also challenges the two \$133.00 fees assessed pursuant to the consolidated fee statute, *see* Tex. Loc. Gov't Code § 133.102(a)(1), asserting that one of the fees should be deleted because the fee cannot be assessed twice under article 102.073(a) and that the remaining fee should be reduced to \$119.93 because the Court of Criminal Appeals found portions of the consolidated fee statute to be facially unconstitutional. *See Salinas v. State*, 523 S.W.3d 103, 110 (Tex. Crim. App. 2017).

For the reasons previously stated, *see* discussion *supra* pp. 7–8, we conclude that the trial court did not err when it imposed the consolidated court costs fee for both the adjudication-of-guilt proceeding and the deferred-adjudication proceeding. *See Simmons*, 2018 WL 3028064, at \*3; *Diaz*, 2016 WL 1084398, at \*8; *Weatherspoon*, 2016 WL 286384, at \*2.

Regarding the issue of fee reduction, in *Salinas v. State*, the Court of Criminal Appeals determined that two of the accounts listed in section 133.102(e), which allocated the court costs received under the consolidated fee statute, violated the separation-of-powers clause of the

10

Texas Constitution because they were not related to a legitimate criminal-justice purpose and were instead more accurately characterized as a tax. *See Salinas*, 523 S.W.3d at 108–110 (striking down subsections (e)(1) and (e)(6), which allocated portions of the $133.00 court cost to comprehensive rehabilitation and abused children's counseling). The remedy in *Salinas* was to modify the judgment to reduce the $133.00 consolidated court cost to $119.93 to delete the unconstitutional portions of the fee. *Id.* at 110. That reduction of the fee is what appellant advocates here.

However, the *Salinas* court limited the retroactive application of its decision to certain defendants: (1) those who had raised the appropriate claim in a petition for discretionary review filed before, and still pending on, the date of the court's opinion, and (2) those whose trials end after the mandate in *Salinas* issued. *Id.* at 111–13. The court further stated that if the Legislature redirected the funds in subsections (e)(1) and (e)(6) to a legitimate criminal-justice purpose, then trial courts could continue to collect the entire consolidated court cost. *Id.* at 113 n.54. The court noted that, if the Legislature amended the statute before mandate in *Salinas* issued, "the only cases that will be affected by this opinion will be the few that are now pending in this Court and are appropriate for relief." *Id.*

The Legislature amended the statute as advised by the court—it deleted former subsections (e)(1) and (e)(6) and redirected those funds to the fair defense account in former subsection (e)(14) (now subsection (e)(12)). *See* Act of May 18, 2017, 85th Leg., R.S., ch. 966, § 1, 2017 Tex. Gen. Laws 463 (codified at Tex. Loc. Gov't Code § 133.102(e)). That amendment went into effect on June 15, 2017, thereby preceding the mandate in *Salinas* that issued on June 30, 2017. *Id.*; *see Garrett v. State*, No. 03-17-00031-CR, 2017 WL 3897324, at *1–2 (Tex. App.—Austin

11

Aug. 31, 2017, no pet.) (mem. op., not designated for publication) (observing that effective date of amendment preceded date of *Salinas* mandate and noting impact on imposition of consolidated court cost fee pursuant to amended consolidated fee statute); *Hurtado v. State*, No. 02-16-00436-CR, 2017 WL 3188434, at *1 (Tex. App.—Fort Worth July 27, 2017, no pet.) (mem. op., not designated for publication) (same).

Here, the bill of costs shows that the $133 consolidated court cost fees were assessed upon appellant's adjudication of guilt on December 7, 2017—after the effective date of the amended statute, which preceded the issuance of the *Salinas* mandate.[4] Because the Legislature timely amended the consolidated fee statute, trial courts may continue to impose the entire consolidated court cost fee as authorized under section 133.102(a). *See Salinas*, 523 S.W.3d at 113 n.54. Consequently, the court's holding in *Salinas* does not apply to the present case. *See id.* The trial court properly imposed the $133.00 consolidated court cost fees.[5]

---

[4] The bill of costs also shows that the $133 consolidated court cost fee assessed upon appellant's placement on deferred-adjudication community supervision was assessed on August 8, 2017—likewise after the effective date of the amended statute, which preceded the issuance of the *Salinas* mandate.

[5] In its response to appellant's challenge to the $133.00 consolidated court cost fees, the State asserts that each consolidated court costs fee (the one assessed at the deferral of adjudication and the one assessed upon adjudication of guilt) should be reduced to $119.93 because appellant's case "was concluded after the mandate was issued in *Salinas*" and, according to the State, the trial court erred in assessing the full amount of $133.00.

While the State's confession of error in a criminal case is significant, it is not conclusive nor is it binding on this Court; we must make an independent examination of the merits of any claim of error raised on appeal. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002) ("A confession of error by the prosecutor in a criminal case is important, but not conclusive, in deciding an appeal."). We have done so here and note that the State failed to take into account the timely legislative amendment to the consolidated fee statute, which allows trial courts to impose the full amount of the fee.

12

In sum, appellant cannot, in this appeal, challenge the court costs assessed at the time he was placed on deferred-adjudication community supervision. As for the costs assessed upon adjudication of guilt, article 102.073(a) does not prohibit the assessment of costs for both the deferred-adjudication proceeding and the adjudication-of-guilt proceeding. Thus, appellant's challenge to costs assessed at the time of adjudication of guilt on the basis that the costs were already assessed at the point of being placed upon deferred-adjudication community supervision is without merit. Further, all of the costs challenged by appellant are authorized by statute. *See* Tex. Code Crim. Proc. arts. 102.005(a), 102.0169(a), 102.017(a), 102.0045(a), 102.005(f), 102.011; Tex. Gov't Code § 51.851(d); Tex. Loc. Gov't Code §§ 133.102(a)(1), 133.105(a), 133.107(a). The statutory authority, coupled with the certified bill of costs, provides a sufficient basis for the costs. *See Johnson*, 423 S.W.3d at 390, 394–96; *Diaz*, 2016 WL 1084398, at *8; *Weatherspoon*, 2016 WL 286384, at *3; *Ireland*, 2015 WL 4914982, at *3. For these reasons, we conclude that the trial court properly assessed all of the challenged court costs. We overrule appellant's first point of error.

## Constitutional Challenge to Collection Statute

Article 103.003(a) of the Code of Criminal Procedure, entitled "Collection," provides that certain officers—including, as relevant to the discussion here, a district clerk—"may collect money payable under this title." Tex. Code Crim. Proc. art. 103.003(a). In his second point of error, appellant contends that if the district clerk had discretion under article 103.003 "to decide on her own" whether to assess statutory fees once or twice in the situation where a defendant pleads guilty to an offense and is placed on deferred-adjudication community supervision and later is adjudicated

13

guilty upon violating conditions of community supervision, then article 103.003 is unconstitutionally vague as applied to appellant.

A claim that a statute is unconstitutional "as applied" is a claim that the statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular facts and circumstances. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) (orig. proceeding); *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006); *Ex parte Carter*, 514 S.W.3d 776, 779 (Tex. App.—Austin 2017, pet. ref'd). A statute may be valid as applied to one set of facts and invalid as applied to a different set of facts. *Lykos*, 330 S.W.3d at 910; *Friesenhahn v. State*, No. 03-16-00582-CR, 2018 WL 828959, at *3 (Tex. App.—Austin Feb. 9, 2018, no pet.) (mem. op., not designated for publication).

We review a challenge to the constitutionality of a statute de novo. *Vandyke v. State*, 538 S.W.3d 561, 570 (Tex. Crim. App. 2017); *Salinas v. State,* 464 S.W.3d 363, 366 (Tex. Crim. App. 2015). The party challenging the statute normally bears the burden of establishing its unconstitutionality. *Vandyke*, 538 S.W.3d at 570–71; *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015); *Ex parte Lo*, 424 S.W.3d 10, 15 (Tex. Crim. App. 2013). When confronted with an attack on the constitutionality of a statute, we afford great deference to the Legislature and presume that the statute is constitutional and that the Legislature has not acted unreasonably or arbitrarily. *Vandyke*, 538 S.W.3d at 570; *Peraza*, 467 S.W.3d at 514; *Lo*, 424 S.W.3d at 14–15; *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013); *see* Tex. Gov't Code § 311.021 (stating that courts presume "compliance" with Texas and United States Constitutions).

Appellant conditions his constitutional challenge to article 103.003(a) on the premise that the Bell County District Clerk had discretion under the statute to decide whether to assess costs against him. However, article 103.003(a) does not allow for discretionary assessment of costs by a district clerk.

First, the statute merely authorizes certain government agents, including a district clerk, to "collect money *payable under this title*." *See* Tex. Code Crim. Proc. art. 103.003(a) (emphasis added); *Johnson*, 423 S.W.3d at 395 ("Article 103.003 authorizes designated government agents to collect only money that is payable."). Thus, by the express terms of the statute, a district clerk has authority to collect—not assess—only those fees that are payable under the law. *See Johnson*, 423 S.W.3d at 395 ("Article 103.001 appears to act as a prohibition on the ability of designated state agents from collecting nonpayable, but assessed, court costs."); *see also* Tex. Code Crim. Proc. art. 103.001(b) (cost is payable when "a written bill is produced or ready to be produced, containing the items of cost").

Moreover, the statute requiring court costs to be assessed against a defendant upon conviction provides that the judgment "shall adjudge the costs against the defendant, and order the *collection thereof* as in other cases." Tex. Code Crim. Proc. art. 42.16 (emphasis added); *see also id.* art. 42.15 (when punishment is fine only, "judgment shall be that the defendant pay the amount of the fine and all costs to the state"). The judgment "is the written declaration of the court signed by the trial judge." *Id.* art. 42.01, § 1. It is the trial judge—not the clerk of the court—who assesses or imposes court costs.

We conclude that the district clerk does not have discretion under article 103.003(a)

15

to assess any costs or fees but can only collect those costs previously assessed by the trial court that are authorized by statute, *see Johnson*, 423 S.W.3d at 389 (stating "only statutorily authorized costs may be assessed against a criminal defendant"); Tex. Code Crim. Proc. art. 103.002 (providing that "[a]n officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law"), and then only upon a written bill itemizing the costs, *see* Tex. Code Crim. Proc. art. 103.001(b). As this Court has previously held, and holds again today, imposing two sets of court costs in this situation—for separate proceedings where a defendant pleads guilty to an offense and is placed on deferred-adjudication community supervision and later is adjudicated guilty upon violating conditions of community supervision—is authorized by statute. *See Diaz*, 2016 WL 1084398, at *7 n.5; *Weatherspoon*, 2016 WL 286384, at *2.

Because a district clerk does not have the discretion to assess fees under the collection statute, we reject appellant's argument that article 103.003(a) is unconstitutionally vague as applied to him. Accordingly, we overrule appellant's second point of error.

## CONCLUSION

Having rejected appellant's challenges to the court costs assessed against him, we affirm the trial court's judgment adjudicating guilt.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 24, 2018

Do Not Publish

17