**AFFIRMED and Opinion Filed February 13, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00676-CR**

**EX PARTE JOHN RIVELLO**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. WX19-00076-L**

# MEMORANDUM OPINION
Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Molberg

John Rivello is charged with aggravated assault with a deadly weapon enhanced with an allegation that he committed the offense out of bias or prejudice. Appellant filed a pretrial application for writ of habeas corpus contending the indictment violates the First Amendment to the United States Constitution. The trial court denied relief.

In two issues on appeal, appellant contends the trial court erred in denying habeas corpus relief because, under the First Amendment, the aggravated assault statute is unconstitutional as applied to him and the hate-crime enhancement statute is unconstitutional on its face. We affirm the trial court's order denying relief.

## BACKGROUND

The indictment alleges appellant intentionally, knowingly, and recklessly caused bodily injury to the complainant:

> by inducing a seizure with an animated strobe image, knowing that the complainant
> was susceptible to seizures and that such animations are capable of causing

seizures, and said defendant did use and exhibit a deadly weapon, to-wit: a Tweet and a Graphics Interchange Format (GIF) and an Electronic Device and Hands, during the commission of the assault.

In an enhancement paragraph, the indictment further alleges appellant intentionally selected the complainant "primarily because of the said Defendant's bias or prejudice against a group identified by race, ancestry, or religion, namely: persons of Jewish faith or descent."

During the hearing on appellant's writ application, the State described the GIF image as "a strobing image with words on top of it. The image itself is strobing lights that is caused by the two colors changing back and forth, making a strobing image."[1] The prosecutor identified the words superimposed on the strobing lights as "You deserve a seizure for your tweets."

## COGNIZABILITY

A pretrial writ of habeas corpus, followed by an interlocutory appeal, is an extraordinary remedy reserved for use when interlocutory review would better serve to protect the applicant's substantive rights or better conserve judicial resources. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016); *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd). Appellate courts must ensure that only matters proper for review at a pretrial stage are raised and reviewed by pretrial writ. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Neither trial courts nor appellate courts should entertain a pretrial writ application when the complaint has an adequate remedy on appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). Generally, pretrial habeas is available only if resolving the issue results in the applicant's immediate release. *Perry*, 483 S.W.3d at 895; *Weise*, 55 S.W.3d at 619. Pretrial habeas is unavailable when the development of a trial record would aid in resolving the applicant's claims. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010).

---

[1] A copy of the GIF was admitted into evidence. The copy of the GIF filed with the Court is not playable.

Ordinarily, facial challenges to the statute defining the offense and constitutional overbreadth challenges may be brought on pretrial habeas. *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017); *Perry*, 483 S.W.3d at 896, 902. Challenges to the constitutionality of a statute as applied to a particular defendant may not be brought on pretrial habeas unless "the rights underlying those claims would be effectively undermined if not vindicated before trial." *Perry*, 483 S.W.3d at 896. Whether an issue is cognizable on pretrial habeas is a threshold inquiry the Court should undertake before considering the merits of the claim. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010).

Appellant's two issues raise respectively an as-applied challenge to the constitutionality of the aggravated assault statute and a facial challenge to the hate-crime enhancement statutes. We conclude neither issue is cognizable on pretrial habeas.

### The As-Applied Challenge

In his first issue, appellant contends the trial court erred in denying habeas relief because the aggravated assault statute is, under the First Amendment, unconstitutional as applied to his "pure speech." Appellant contends his as-applied challenge to the aggravated assault statute is cognizable on pretrial habeas because it involves a right that would be effectively undermined if not vindicated before trial and because the constitutional violation is apparent from the pleadings. During argument before the trial court, appellant admitted that generally an assault does not implicate the First Amendment. In this case, however, appellant contends that the use of Twitter to send the tweet and the use of a GIF image are two forms of speech. The State responds that appellant's "as applied" constitutional challenge is not cognizable on a pretrial habeas writ.

*Undermining of Appellant's Right to Free Speech*

Regarding appellant's contention that his right to free speech will be undermined if not vindicated before trial, we note initially that appellant conceded before the trial court that his right

to send a GIF was not lost if not vindicated before trial.[2]  This Court's review of the trial court's order denying habeas relief is limited to issues properly raised and addressed before the trial court. *Ex parte Perez*, 536 S.W.3d 877, 880 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Ex parte Bolivar*, 386 S.W.3d 338, 345 (Tex. App.—Corpus Christi–Edinburg 2012, no pet.).  *See also Ex parte Blakely*, No. 05-18-00909-CR, 2019 WL 911739, at * 3 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op., not designated for publication).  By conceding this argument in the trial court, appellant has waived it for appeal.

Moreover, the court of criminal appeals has recognized only as-applied claims for double jeopardy, bail, and separation-of-powers as allowed exceptions to the general rule that as-applied challenges are not cognizable.  *Perry*, 483 S.W.3d at 896; *Weise*, 55 S.W.3d at 619–20.  Appellant presents no authority claiming that First Amendment rights would be lost if not vindicated before trial.  *See Ex parte Carter*, 514 S.W.3d 776, 783 (Tex. App.—Austin 2017, pet. ref'd) (noting there is no authority indicating constitutional right to free speech includes right to avoid trial and opining right is not undermined if not vindicated before trial because appeal is adequate remedy to remedy violation of right).  Thus, we reject appellant's first contention.

### *Unconstitutional Application Apparent from the Pleadings*

Secondly, appellant contends we should review his as-applied challenge because it is apparent from the face of the pleadings that the State is prosecuting him for the content of his speech in violation of the First Amendment.  Appellant cites a concurring opinion in *Perry* advocating that a challenge should be allowed where a constitutional violation is apparent from the pleadings.  *See Perry*, 483 S.W.3d at 922 (Newell, J., concurring).  Concurring opinions may

---

[2] Defense counsel represented to the trial court:

There's going to be the question on appeal, I expect, of cognizability.  That is, is this as-applied challenge something that can be recognized in habeas?  The Court of Criminal Appeals has propounded two views of when something is cognizable.  One is, is the right something that will be permanently lost if not vindicated before trial?  We're not arguing that that's the case right now.  Today, right now, I can't see how that's the case.  Maybe, the Court can imagine a way in which the right to send somebody a GIF is something that's lost, if not vindicated, before trial.

be considered for any persuasive value they may have, but are not binding authority. *Unkart v. State*, 400 S.W.3d 94, 101 (Tex. Crim. App. 2013). As we have discussed, the court of criminal appeals has only approved as-applied challenges on the basis that they involve rights that would be lost if not vindicated before trial and has identified only three such affected rights. *See Perry*, 483 S.W.3d at 896; *Weise*, 55 S.W.3d at 619–20. In this case, we are not persuaded to create a new avenue for constitutional challenges based on a concurring opinion.

Moreover, even if we were so inclined, appellant has not convinced us that there is a constitutional free speech violation apparent from the pleadings in this case. The State has indicted appellant for physically assaulting a disabled person susceptible to seizures with a flashing strobe light image intended to provoke a seizure. On the face of the indictment, there is no apparent regulation of speech at all, but rather a charge of assaultive conduct. "Seizures are a form of bodily injury. Knowingly or intentionally causing them, therefore, necessarily involves the use of physical force." *U.S. v. Gracia-Cantu*, 920 F.3d 252, 255 n. 3 (5th Cir. 2019), *cert. denied*, 140 S.Ct. 157 (2019) (commenting on indictment in this case). A physical assault is not expressive conduct protected by the First Amendment. *Wisconsin v. Mitchell*, 508 U.S. 476, 484 (1993). Any speech involved in assaulting someone by transmitting a strobing light image to induce a seizure falls easily within the category of speech integral to criminal conduct which is unprotected by the First Amendment. *See Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 498 (1949). We overrule appellant's first issue.

### Challenge to the Hate-Crime Enhancement Statutes

In his second issue, appellant contends the trial court erred in denying habeas relief because the hate-crime enhancement statutes are facially unconstitutional under the First Amendment. To enhance punishment on the ground that an offense was motivated by bias or prejudice requires the application of two statutes. Article 42.014 of the code of criminal procedure mandates in certain

types of offenses that the trial court must make an affirmative finding and enter it in the judgment when the fact finder determines beyond a reasonable doubt that the defendant intentionally selected the victim because of the defendant's bias or prejudice against certain defined groups. *See* TEX. CODE CRIM. PROC. ANN. art. 42.014(a).[3] A finding under article 42.014 then triggers the enhancement of the punishment range under article 12.47 of the penal code. TEX. PENAL CODE ANN. § 12.47(a).

Appellant contends the hate-crime enhancement statutes impermissibly punish pure thought by enhancing punishment for speech and are thus overbroad and unconstitutional under the First Amendment. Appellant further contends that the United States Supreme Court's decision in *Wisconsin v. Mitchell*, upholding the application of hate-crime legislation, does not apply to "speech crimes" like the charge against appellant. *See Mitchell*, 508 U.S. at 484. The State responds that facial challenges to the constitutionality of the hate-crime enhancement statutes are not cognizable because a favorable ruling for appellant would not free him. Alternatively, the State contends *Wisconsin v. Mitchell* is controlling in this case.

Pretrial habeas relief is appropriate for cases where granting habeas relief will result in the applicant's immediate release. *Ingram*, 533 S.W.3d at 892; *Perry*, 483 S.W.3d at 895. In this case, even if we entertain the merits of appellant's issue and strike down the enhancement statutes as facially unconstitutional, such action would not trigger appellant's immediate release. Appellant would still be charged with aggravated assault and would still have to stand trial. Because resolving appellant's second issue in his favor would not result in appellant's immediate release nor avoid a trial for aggravated assault, we conclude his facial challenge to the constitutionality of the hate-crime punishment enhancement statutes is not cognizable on a pretrial

---

[3] After appellant allegedly committed the offense, article 42.014 was amended in 2017. Because the amendments are not material to this case, we cite to the current version of the statute.

habeas writ application. *See Ingram*, 533 S.W.3d at 892–94; *Perry*, 483 S.W.3d at 895; *Weise*, 55 S.W.3d at 619. *See also Ex parte Mandola*, No. 03-16-00223-CR, 2018 WL 845013, at *5 (Tex. App.—Austin Feb. 14, 2018, pet. ref'd) (mem. op., not designated for publication) (claim that retaliation enhancement provision in aggravated assault statute violates equal protection not cognizable in pretrial habeas because resolution in applicant's favor would not result in immediate release and aggravated assault charge would remain); *Morris v. State*, No. 11-10-00162-CR, 2010 WL 3516465, at *1 (Tex. App.—Eastland Aug. 31, 2010, no pet.) (mem. op. per curiam, not designated for publication) (portion of habeas appeal challenging enhancement paragraphs not cognizable on pretrial habeas because resolution in applicant's favor would not result in her immediate release and would not bar continued prosecution). We overrule appellant's second issue.

Because appellant's issues are not cognizable on appeal, we affirm the trial court's order denying relief. *See Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.) (If grounds asserted in application for habeas relief are not cognizable, court of appeals must affirm trial court's denial of relief).


/s/ Ken Molberg
KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JOHN RIVELLO

No. 05-19-00676-CR

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. WX19-00076-L.
Opinion delivered by Justice Molberg.
Justices Bridges and Partida-Kipness
participating.

Based on the Court's opinion of this date, the order of the trial court denying appellant's pretrial application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 13th day of February, 2020.